# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

In Re: E.M.

No. 13-0316 (Raleigh County 12-JA-104)

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Michael P. Cooke, appeals the Circuit Court of Raleigh County's order entered on February 27, 2013, terminating her parental rights to E.M. The West Virginia Department of Health and Human Resources ("DHHR"), by Charlene A. Vaughan, its attorney, filed its response. The guardian ad litem, Jane E. Harkins, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in not granting her a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed the underlying abuse and neglect petition after E.M.'s birth based on the previous termination of petitioner's parental rights to an older child. The previous termination occurred because the child sustained multiple skull fractures and a broken clavicle, but it was never determined how the injuries occurred. Petitioner testified in this case that the father of the previously terminated child had abused petitioner and that she believed he had injured that child. In August of 2012, a few days after E.M.'s birth, the DHHR removed E.M. from the home. At the adjudicatory hearing, in December of 2012, the circuit court held that aggravating circumstances existed and that E.M. had been abused and neglected, but stated it would revisit whether to grant an improvement period at the next hearing. The circuit court found that petitioner needed to show that there was a change in circumstances in order to be granted an improvement period and ordered the DHHR or the child's guardian to view petitioner's living arrangements in advance of the next hearing. At the dispositional hearing, based upon testimony by the DHHR and the guardian, the circuit court found that petitioner's living conditions were not safe for E.M., denied petitioner's requested post-adjudicatory improvement period, and terminated petitioner's parental rights by order entered February 27, 2013.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts

1

without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.* 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in not granting a post-adjudicatory improvement period after showing that she was no longer living with the father of the child who was the subject of the prior proceeding and testifying that she was attempting to move from the apartment that the guardian and the DHHR found to be inappropriate.

This Court has previously held that

[w]hen an abuse and neglect petition is brought based solely upon a previous involuntary termination of parental rights to a sibling pursuant to West Virginia Code § 49–6–5b(a)(3) (1998), prior to the lower court's making any disposition regarding the petition, it must allow the development of evidence surrounding the prior involuntary termination(s) and what actions, if any, the parent(s) have taken to remedy the circumstances which led to the prior termination(s).

Syl. Pt. 4, *In re George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999). Moreover,

"Where there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court, and such review should be initiated on a petition pursuant to the provisions governing the procedure in cases of child neglect or abuse set forth in West Virginia Code §§ 49-6-1 to -12 (1998). Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § 49-6-5b(a) (1998) is present." Syllabus Point 2, *In re George Glen B., Jr.*, 205 W.Va. 435, 518 S.E.2d 863 (1999).

Syl. Pt. 3, *In re George Glen B.*, 207 W.Va. 346, 532 S.E.2d 64 (2000). In the present matter, the circuit court found that petitioner had not corrected the conditions that led to the termination of her parental rights in the past. Specifically, the circuit court found that her home "was not safe for a child and that significant injury to the prior child . . . shows that petitioner has been unable

or unwilling to protect her child or children." Based upon these facts, we find that the circuit court was not clearly erroneous in finding that petitioner failed to show that she had corrected the conditions giving rise to the prior termination of her parental rights.

Additionally, pursuant to West Virginia Code § 49-6-12, petitioner bears the burden of proving by clear and convincing evidence that she would substantially comply with an improvement period and the circuit court has the discretion to grant or deny such a motion. At the dispositional hearing, the circuit court specifically found that petitioner "has not generally exhibited a willingness to protect [E.M.] and has, in essence shown a general carelessness towards the raising of children." For the foregoing reasons, we find no error in the circuit court's refusal to grant an improvement period, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: September 3, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum